# ORIGINAL

Linda Dixon Cavitt
1147 Timothy Terrace
Tucker, GA 30084
770-491-9908

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
bld

JUN - 6 2003

LUTHER D. THOMAS, Clerk
By J. Orig Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| Linda Dixon Cavitt | : |
| **PLAINTIFF,** | : |
| v. | : CASE: **1:03 CV-1607** |
| | : |
| Keystone Equities, Inc., Allison Mortgage | : |
| Loan Servicing Corp., Capital Mortgage | : **MHS** |
| Corporation, | : JUDGE:_____ |
| | : |
| The United States of America, | : |
| The United States Comptroller | : |
| of the Currency, | : |
| | : |
| and Does 1-5, inclusive, | : |
| | : |
| **DEFENDANTS.** | : |

## VERIFIED COMPLAINT

A. Jurisdiction for this Verified Complaint action is commenced in its establishment by showing and is appropriate in this Case founded on the existence Diversity Jurisdiction, Constitutional Jurisdiction and a number of federal questions, acts of fraud committed by Keystone Equities, Inc., Allison Mortgage Loan Servicing Corp., Capital Mortgage Corporation and Does 1-5, inclusive, as willing and conspiring actors, in violation of federal banking laws, treasury laws of the United States, Title

FORMS RECEIVED
Consent To US Mag. ____
Pretrial Instructions ____
Title VII NTC ____

1

12, United States Code, Section 1828, and potentially perilous and exigent concerns arising there from.

B. This action further pertains to the existence of federal questions as they relate to the Defendants Keystone Equities, Inc., Allison Mortgage Loan Servicing Corp., Capital Mortgage Corporation and Does 1-5, inclusive, as willing and conspiring parties, set forth herein as being benefactors of the fraud condition to which said federal questions are raised.   This action arises out of the existence of a number of frauds committed by the aforementioned Defendants against Plaintiff under color of authority and law, both of statutory law and commercial law, a breach of contract existing because of such frauds by the above named Defendants, and a violation of constitutional law committed by said Defendants, and original fraud committed against Plaintiff in violation of the federal law - Title 12, U.S. Code, Section 1828, and present and future acts by parties known and unknown in reliance upon the said fraudulent acts of the other aforesaid Defendants at the final unjust expense of Plaintiff.

C. The Federal Jurisdictional Authority in this case is controlled by 28 USC Section 1332.  All parties are subject to diversity jurisdiction of this Court.  The controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states as referenced in 28 USC Section 1332.  Plaintiff is a resident of Georgia.  Keystone Equities, Inc., Defendant, is a corporation with its corporate headquarters located in Deerfield, IL.  Allison Mortgage Loan Servicing Corp., Defendant, is a corporation with its corporate headquarters located in Atlanta,

2

GA. Capital Mortgage Corp., Defendant, is a corporation with its corporate headquarters located in Longview, TX. Therefore diversity jurisdiction is proper.

D. In the alternative, The Federal Jurisdictional Authority in this case is controlled by Article III, Section 2 of the United States Constitution exclusively vested authority in the Federal Court over "controversies to which the United States shall be a party." As declared in McCullough v. Maryland 17 US ((4 Wheat.) 316 (1819) the Supreme Court of the United States held that state courts have limited authority over the United States Government and its officers and expressly restricted the states' abilities to sue the United States Government in state court. The United States Government is a necessary party in this action. Therefore, removal to the Federal District Court is proper.

E. In the alternative, The Federal Jurisdictional Authority in this Case involves a violation of and a federal question pertaining to Article I, Section 8, Clause 5 in combination with Article I, Section 8, Clause 1, Article I, Section 8, Clause 18, the Fifth and Fourteenth Amendments, Article I, Section 8, Clause 3 of the Constitution, and a claim of willful fraud as committed and continued as being committed (by willful denial of full disclosure of necessary and vital evidence and information that would have given Plaintiff good and competent reason not to have contracted with Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., the right not to do such a thing as to contract being a clear and indisputable right of any plaintiff, and the *subsequent* failure of *abandonment* of the frauds so committed thereby) against Plaintiff by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp.. . . *with* such frauds, aforesaid, being supported and

3

continued under color of law by the United States National Bank Act, by Title 12, Section 1828, U.S. Code, by the laws of the State of Georgia in violation of the Fifth Amendment and Fourteenth Amendment, and violation of Article I, Section 8, Clauses 5 and 1 of the Constitution of the United States.

F. This Case does not as it relates to any federal officials, so far as is known at this time, contain any federal employees or offices in trust held under the United States as name or referred to Defendants, so no prosecution of the same under any Bevins action is deemed applicable.

G. While this case can be cited as pertaining to certain USC, Title 42, § 1983 violations existing under the color of law and/or authority, because of the elements of existent fraud as aforestated, this case does not solely hinge on a civil rights claim but goes also to a claim or charge against the elements of deliberate civil frauds committed by the financial institutions Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. charged hereby with Ultra Vires as having exceeded in their practices in relation to the making of or acquiring the rights to a loan as was alleged to have been made by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. as a primary or first loan to Plaintiff on or about June 30, 1998.

H. Plaintiff hereby charges the United States with being an unwitting and culpable co-Defendant in the unlawful and fraudulent actions committed or perpetrated by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. on and after June 30, 1998.

I. Plaintiff has secured rights under the Constitution of the United States, Fifth, Seventh, and Fourteenth Amendments, to rely upon the lawful and constitutional application of all laws arising under Article I, Section 8, Clauses 5 and 1, and to rely upon the provisions of Article V of the Constitution in equating a law of Congress with any Amendment or original part of the Constitution, and to rely upon the Fifth Amendment itself to rely upon due process in all of the foregoing accordingly. The deprivation of Plaintiff's rights, secured under these parts and Amendments of the Constitution, was committed under color of law or authority, both state and federal.

J. Plaintiff has risen certain constitutional questions and charges here beyond the scope, capability and jurisdiction of any state court to answer to and demands that the federal court be made the jurisdictional court for this purpose where the United States itself has been named as a co-Defendant to the actions which Plaintiff stipulates that she has been made a wronged party by and in.

K. In the due course of studies made by this Plaintiff in her pursuance of law and the studies thereof, said Plaintiff has risen to the level of, and is, Fact Finder. Consequently, as Fact Finder involved in certain discovery relative to the case referred to above as the incorporated case, said Fact Finder discovered the greater evidence of fraud being committed against herself.

L. Fact Finder has by this filing submitted to this court Exhibit A (the original officially certified, color copy of which has been filed with the Clerk of this Court) which contains Certified copies of certain books produced by the Federal Reserve Banks of both Minneapolis, Minnesota (1960) and Chicago, Illinois (1961) which provides as a matter of testimonial fact, not as a matter of either law or controverting points of law,

factual evidence of the frauds that Plaintiff hereby complains and charges all Defendants for, demanding, since such facts could be determined "[by] a reasonable jury could return a verdict, either way, pertinent or relative to the nonmoving party," Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248, 249 (1986), a trier of fact is required to try this case.

M. The aforementioned books exhibited by said Exhibit A, after first being certified by a notary public for purposes of evidence admissibility in this court, have been provided for thereafter by Plaintiff with red underlinings in order to illustrate, for succinctness purposes, the "read between the lines" truth about the current lending practices of banks and associated financial institutions under alleged and claimed color of authority, both state and federal, where no constitutional United States law exists to provide Defendants the right to engage in such lending practices.

N. Fact Finder, concerned with the greater evidences of fraud committed by Defendants against Plaintiff, has initiated this action to bring a judicial intervening and administrative process against each of the Defendant financial institutions aforementioned and one or more of its subsequent actors, where a remedy too late will constitute a damage and suffrage and cause a harm from which no adequate remedy at law may be found, where a failure of constitutional protection under the law and fraudulent activities and breach of contract arising by the several Defendants as existent under color of law becomes an exigent issue.

O. Subsequently, this federal lawsuit filed against the above said Defendants for fraud and support of fraud purports and stipulates to their denial for actions involving an indulgence in a failure to grant administrative due process and equal and

constitutional protection under the law, in violation of both the Fifth Amendment and the Fourteenth Amendment, Article I, Section 8, Clauses 5 and 1 of the Constitution, and Article I, Section 8, Clause 18 [test], all being committed under color of authority, and where by virtue of such denial, a failure of duty, and a failure of abandonment of a wrongful act, a harm has arisen against Plaintiff to which Plaintiff may not recover except there be a just intervention and an adjudication and answering of the federal questions raised, by this court in its venue and jurisdiction.

P.  This case has arisen as a matter of the Defendant(s) having taken a fraudulent and constitutionally violative action against Plaintiff directly resulting in a legal proceeding in a superior state or county circuit court of the State of Georgia, underpinned by the United States Office of the Comptroller of the Currency in its promulgation of the policies and practices of the federal reserve bank(s), a private banking system, upon the citizens of the United States and upon the private citizen person of Plaintiff, thereby further depriving, or attempting to deprive, Plaintiff of her constitutional rights under color of law and/or authority.

Q.  Plaintiff is at the time of this filing appearing before the Court without the assistance of an attorney at bar.  Plaintiff has not the knowledge of an attorney at bar, however in the interest of justice, believes that her Case bears review and consideration by the Court, for redress of grievance and remedy of a Citizen of the United States, which the above named Plaintiff is the same. Plaintiff is in reliance in understanding of the Supreme Court's case wherein it is stated that "Wherein the court has directed that those who are unschooled in the law making complaints shall have the court look to

7

the substance of the complaint rather than the form, proceeding with all rights reserved." Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

R.  Plaintiff therefore respectfully petitions the Court to Take Judicial Notice of the matters contained herein, inasmuch as this written document represents a substantial portion of Plaintiff's initial Case, and Plaintiff may not otherwise efficiently present her Case before the Court to the degree that Justice would otherwise demand and call for; the arguments and presentments of charges or complaint made herein must therefore be taken into full account during Trial as though the Plaintiff had spoken the same verbally therein, otherwise the purpose for submitting a written Complaint becomes moot and frivolous, and may represent or work a fraud upon Plaintiff and Plaintiff's constitutional rights.

S.  As a result of the fact that there may be other Defendants in this case not yet known to Plaintiff, inadvertent but important omittances, excusable neglect, and clerical errors in this initial filing, Plaintiff hereby reserves the Right to Amend this Complaint under Rule 15, FRCivP, and reserves the right to amend this Verified Complaint within the prescribed initial 20 day period as provided for by law (Rule).

T.  In the event that there shall at any time commencing after the filing of this case come to exist any action brought by any Defendant hereto, within State jurisdiction, that interferes, impedes, or diminishes this court's plenary jurisdiction or corrupts the rights of this Plaintiff to so prosecute this case fully and without diversifying their attention and focus of prosecution on this case alone, Plaintiff reserves the right, without further petition to the court than this petition, by filing with this court, not for injunctive relief, notice as required and duly established under the laws of the United

8

States, the incorporation and removal of such legal actions into this court as are or shall be pertinent or relative to this case.

U. Inasmuch as this action involves consideration far in excess of seventy-five thousand dollars, being in the claimed accumulative amount of $250,000.00 and inasmuch as there are federal issues involving constitutional violations which arise under the concept of there being a federal encroachment committed against Plaintiff as referred to by Barron v. Baltimore 7 Pet. 243, 8 L.ed. 672 (1833), for which Plaintiff is now seeking redress by suit under proper title and cause of action, this Action is hereby demanded and directed by Plaintiff to be held as a Trial By Jury in a federal court of the United States, or in the alternative where there may arise a conflict of interest that the United States try its own case in other than the United States Court of Federal Claims, if the same be found to be more applicable there, that this case be brought before the International Courts existent by and under treaty entered into by the United States where the United States may be made a proper party without a conflict of interest.

V. THESE ASPECTS NOW DULY PRESENTED BEFORE THE HONORABLE FEDERAL COURT, THE PLAINTIFF, HAVING GOOD CAUSE TO BRING THIS ACTION BEFORE THE COURT AT THIS TIME, AND ACTING IN GOOD FAITH AND BELIEF, NOW HEREBY CONTINUES THIS COMPLAINT WITH GRIEVANCE, AND CHARGES THEREFORE AS FOLLOWS:

1. Plaintiff has determined that the money from the loan alleged to have been made to Plaintiff by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., was established on the books of Defendants Allison Mortgage Loan

9

Servicing Corp. and Capital Mortgage Corp. through the process of a future incremental loan (FIL) made to said Defendant by Plaintiff, Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., at the time of the entering into an agreement between Plaintiff and Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., and that at the time of such commercial transaction between parties, no other lawful money as consideration existed on the part of said Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. except that agreed to be tendered to said Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. by Plaintiff, else said Defendant being in violation of U.S. Treasury laws established under Article I, Section 8, Clause 5 of the United States Constitution and under Title 12, United States Code, Section 1828 (g) (2) (requirement of written consent of depositors to transfer money into a demand deposit account) or other unlawful financial act(s) existing under the laws of the United States and in violation of Plaintiff's inherent and undeniable rights not to contract with any third party, whether known or unknown, and whether full disclosure was made, or not made.

2. The right of a person not to contract, and the further right of a person to set aside or void out an unknown party in any contract for fraud as being a voidable party to the contract where a full disclosure was not made prior to the signing of the contract, providing information to the affected party that might have given the affected party cause to determine not to contract with the other known party, is a principle of law, and law in contract law, and generally accepted practice in commercial law, known by the entire legal industry throughout the United States and throughout the rest of

the world, and is inescapable as to that application of law as it applies to the rights of the affected party.

3. That there was no other actual, non-fraudulent or else non-criminal consideration offered by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. as would be required under commercial law and lending laws coming under the jurisprudence of contract law, nor was there, for the same reasons, any other form of consideration, than that offered and provided by Plaintiff, offered by Defendants Keystone Equities, Inc. and Does 1-5, inclusive,. on that same basis. A lawful consideration must exist and be tendered to support the Note. See Ansheuser-Busch Brewing Company v. Emma Mason, 44 Minn. 318, 46 N.W. 558.

4. That the same conditions exist in this instant case as existed between the parties of Gerome Daly and the First National Bank of Montgomery, Minnesota in the Minnesota state case of First National Bank of Montgomery vs Jerome Daly, and that Plaintiff has uncovered and have possession of hard proof or evidence, or at least one set of facts, in support of said Daly's defense in that case.

5. That Plaintiff has yet other proof to provide the court in this case, dealing with the matter of federal reserve banking and the practice of selling of notes by financial institutions for other purposes than are lawful under the laws of the United States and of the State of Georgia, that establishes that Defendants Keystone Equities, Inc., Allison Mortgage Loan Servicing Corp., Capital Mortgage Corporation and Does 1-5, inclusive, have each committed or sustained actions of ultra vires and have engaged in fraudulent actions to fraudulently fund a loan and have failed to disclose the true nature of such loan in violation of the truth in lending requirements under

11

United States Law. The United States district courts have jurisdiction over cases involving nationally chartered banks and other such chartered financial institutions. (See recent known case, Wells Fargo v California (2003), unpublished).

6. That based upon such fraudulent practices and activities incurred against Plaintiff by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., a quasi contract to compensate for unjust enrichment arose between Plaintiff and Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. which was duly declared, in writing, exposed, and consequently served upon Defendants thereafter, pursuant to this case.

7. That such fraudulent activities and obligations of quasi contract were ultimately transferred to Defendants Keystone Equities, Inc. and Does 1-5, inclusive, under the auspices of Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. with the necessary [financial] support of Defendants Keystone Equities, Inc. and Does 1-5, inclusive, who became a holder in due course to the fraudulent transaction, even if an unknowing and unwilling participant therein. It is believed and charged that Defendants Keystone Equities, Inc., Allison Mortgage Loan Servicing Corp., Capital Mortgage Corporation and Does 1-5, inclusive, were knowing and willing participants in the fraudulent transaction, and that the set(s) of facts available to Plaintiffs in the case for trial action will prove this case upon its prosecution.

8. That in accordance to the decision reached in the aforementioned Minnesota State case, First National Bank of Montgomery vs Jerome Daly, the fact that there has been any alleged agreement between Plaintiff and Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., or any Defendant holder-in-due-course

12

subsequent thereto providing for the sale of property in pursuance to any condition or circumstance of foreclosure is irrelevant, and support of the same by any other party in commerce thereafter is a violation of Plaintiff's rights under and repugnant to the Constitution of the United States.

9. That while no law, constitutional or otherwise, exists on the books or records of the United States as a law of the United States that allows a bank or any other financial institution to create money upon its own books in violation of Article I, Section 8, Clause 5, the Congress of the United States in dereliction or derrogation of its duty under Article I, Section 8, Clause 1, duty to provide for the general Welfare, has allowed the Defendants not the United States to, under color of federal banking law or authority, effectuate the constitutional duty required by the Congress of the United States and has thereby damaged Plaintiff in her rights to property and due process of rights to property arising, not simply out of the Fourteenth Amendment, but directly out of the Fifth Amendment in specific.

10. The precedent case of Barron v. Baltimore 7 Pet. 243, 8 L.ed. 672 (1833) establishes, and Plaintiff so now charge the Defendant United States of America along with the United States Office of the Comptroller of the Currency, with causing a federal encroachment by its derelict actions and derogation of duty under the Constitution, Article I, Section 8, Clauses 5 and 1.

11. Under Barron v. Baltimore, charging the United States itself as a culpable co-Defendant in this action, Plaintiff has the right to federal intervention, investigation of the substance of issue relating to the source of the alleged loan, not the form or surface presentment thereof, and adjudication under the Fifth Amendment to the

Constitution, and under the Seventh Amendment, also embraced by the decision in Barron v. Baltimore, Plaintiff has the right that this matter be tried by a Seventh Amendment Jury accordingly.

12. The Defendant United States is further charged in its capacity as a real party in interest and thereby acting under color of law in violation of the Constitution of the United States with assisting in the cover up of the existence of a hidden but otherwise known or else knowable contract existing under the rights extended by the Fifth Amendment to the Constitution by which the Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. the holder(s) of subsequent liability in due course therefrom owes to Plaintiff $348,284.78 in violation of Plaintiff's constitutional rights to collect the same amount in violation by execution and maintenance of a federal encroachment established under Barron v. Baltimore 7 Pet. 243, 8 L.ed. 672 (1833).

13. A violation of Plaintiff's rights exists under color of law and color of authority in violation of Article 1, Section 8, Clauses 5 and 1, under Article I, Section 8, Clause 18 (limitation of powers not found in the Constitution itself either before Clause 18 or thereafter), under the Fifth Amendment, the Seventh Amendment, and the Fourteenth Amendment, all of which the United States of America is in violation of, and upon which relief can be granted by this court.

14. Article 1, Section 8, Clause 1 provides the duty for the Congress to provide for the general Welfare of the people of the United States. The only way that this process can actually be effectuated on a general, not specific, basis, where the welfare of the people generally can be provided for in such a way as to require no subsidy or

14

subsidization (the current implementation of the concept of welfare), is to insure the existence of United States dollars be entered into circulation in sufficient economic quantities as to offset the need generally for subsidy or subsidization of otherwise fundable matters of commerce and employment.

15. Article I, Section 8, Clause 5 provides Congress the sole or exclusive power and inherent duty to coin or create the very money in dollars to satisfy the duty for citizens at all levels of society and commerce that must be necessarily implied as the duty of the Congress, and therefore the United States, at Article I, Section 8, Clause 1, "provide [*not* force] for the general Welfare."

16. Federal Reserve notes represent instruments of indebtedness, national indebtedness ultimately owed by all people of the United States, of which Plaintiff is one of those alleged to owe the indebtedness. The increase of debt instruments by any source deemed to be a lawful source for the United States is an increase of the national debt of the United States, and an increase of the national debt of the United States constitutes an increase in the national tax base required to pay back such debt, which duty and obligation to repay such debt falls upon the people of the United States, of which Plaintiff is one.

17. The Sixteenth Amendment, while being passed in 1913, contains no language which would go to a requirement of the people of the United States to be required to rely upon [an increase of] debt instruments in place of an actual positively valued currency of and for the United States, and the Federal Reserve Act of 1913, being a public law or act only, is not an Amendment to the Constitution of the United States and so can be equated to no demand or requirement by the government of the United

15

States that the people of the United States lose any right that they might have held prior to its passage to deny any forced or undisclosed participation of the Federal Reserve Bank(s) for fraud or conflict of interest as being any party to any private transaction that they, the people, might opt to involve themselves in at any time, the said Act, other public laws arising thereafter, and the well-wishings of Congress in an attempt to take away such inherent rights to not contract with any [third] party under such terms and conditions notwithstanding.

18. It is imperative that it be noted here that the constitutionality of the aforesaid Act is not being challenged *here*, but whether or not a private individual may be **forced** by any law, public or private, to accept the participation or activities of, or to have to engage in a contract with the Federal Reserve Bank, a private bank, without such private individual's knowledge and/or consent where a conflict of interest may represent a fraud upon such private person's right not to contract at all, thus losing such inherent right not to do so, is in challenge as being any constitutional demand and loss of right by this action.

19. So far as is known, the metal coins produced by the United States Treasury constitutes an insufficient supply for any purpose in satisfying the duties required of the United States Congress by Article I, Section 8, Clause 1 overlaid by Article I, Section 8, Clause 5, and no private citizen engaged in any transaction being conducted with another private/ non-governmental party, inclusive of Plaintiff as a private citizen, is to be or can be expected or required to have to rely upon debt instruments created solely upon the books of a commercial bank, whether or not followed up by any act(s) of the Federal Reserve Bank(s), and not done by the

specific direction or request of Congress through , any alleged good intention, if any, to *assist* the Congress in its apparent constitutional duty to so create money-dollars on its own, even as though debt instruments, notwithstanding.

20. Any power, right, and duty, civic, patriotic, moral, or otherwise, to create money, even [especially] as debt instruments, does not exist for commercial banks or any other bank or financial institution to take upon themselves this exclusive duty invoked upon the Congress by the Constitution and to thus cause the Congress to be in [further] derogation of its duty of overlaying its power and duty found at Article I, Section 8, Clause 5 upon its power and duty found at Article I, Section 8, Clause 1.

21. As Congress cannot convey its rule making authority upon the President of the United States (see City of New York v. Clinton, consolidate Cases 97-2393 & 97-2463, February 12, 1998, affirmed 6 to 3 by the United States Supreme Court June 25, 1998, Case # 97-1374, wherein the Supreme Court established that the Congress or Legislative Branch of Government could not delegate their rule making authority to either the Executive or the Judicial Branches of government), it, Congress, can also not convey its exclusive constitutional power and duty to a private, commercial banking institution not proven to be constitutionally worthy or empowered to undertake or effectuate any such function as to create money upon its, commercial bank's or financial institution's, (not the Congress') books.

22. The Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., is hereby charged with attempting to enforce an act of creation of "money" upon its books, which constituting a civil fraud upon the rights of Plaintiff to not participate in any such act, *when* subsequently voided out by Plaintiff as by a right

17

for civil fraud to do so, reveals the existence of a quasi contract whereby no condition providing for an unjust enrichment imposed upon Plaintiff may be allowed; Defendants Keystone Equities, Inc. and Does 1-5, inclusive,, are hereby charged with becoming knowing and willing participants in such civil fraud committed by Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp. after the fact, and the United States and the above heretofore named State actors are charged with being an unwitting participants in these said acts of the foregoing named Defendants.

23. Plaintiff has brought this case forward in good faith and believe and hold that they have provided both a claim in commerce, commercial and contract law as well as a violation of constitutional and federal law, upon which enforcement of the quasi contract already served upon Defendants Allison Mortgage Loan Servicing Corp. and Capital Mortgage Corp., having previously been duly declared unto such Defendants with time constraints to so answer thereto *not* being answered or opposed by aforesaid Defendants – should rightfully be, and is so petitioned to be, relied upon by the court, and for such relief through further remedy as the court in its judgment duly determine.

WHEREFORE, Plaintiff Petitions and requests that the honorable Court:

1.  In the event of favorable outcome of trial, Grant Plaintiff her damages against Defendants by official recognition of a cancellation of a void debt in the amount of debt in question for $250,000.00 and an additional amount of lost consideration

18

owed to Plaintiff, minimally, of $98,284.78 and that Defendants pay all Plaintiff's legal costs and fees due to Plaintiff having been forced to file this case.

4.  Grant a permanent injunction against the Defendants, Defendant's employees and all other parties acting in concert therewith, barring them from proceeding against or otherwise interfering with the constitutional rights of Plaintiff.

5.  Any further relief which the court may deem appropriate.

DONE:  On the ___4___ day of the month of ___June___, 2003 A.D.

## VERIFICATION

State of Georgia )
:
DeKalb County )

The Plaintiff, <u>Linda D. Cavitt</u>, having read the foregoing Verified Complaint, and understanding the contents thereof, and after being duly affirmed hereby, deposes and declares that the allegations contained therein she knows to be true of her own knowledge, except as to those matters alleged on information and belief as to those she verily believes to be true.

Subscribed and affirmed on the ___4___ day of the month of ___June___ 2003 A.D.

### UNDER PENALTY OF PERJURY

Linda D. Cavitt

**VERIFIED**: Appearing before me, a Notary Public, in and for the above state and county, was <u>Linda D Cavitt</u>, who declared that she had read the foregoing document, and declared that the foregoing is true and correct and certain to the best of her knowledge and belief and that she has voluntarily affixed her hand and seal herein above.

Notarial Seal in and for DeKalb, Georgia

Notary Public, Fulton County, Georgia
My Commission Expires Aug. 16, 2003

20



# ATTACHMENTS TO

# DOCKET # __1__

# COULD NOT BE SCANNED BECAUSE OF THE FOLLOWING:

❏ Legal Size Documents

❏ Large Exhibits

☒ Double Sided Documents

☒ Other _Exhibit A_

(To be scanned in the place of the above attachments.)